Is that mic working? Mr. Burke was originally sentenced as an armed career criminal, but he was able to obtain some post-conviction sentencing relief after the residual clause was declared unconstitutional. At resentencing, he no longer qualified as an armed career criminal because he didn't have three qualifying convictions, and he was not a career offender because the offense of conviction is not a crime of violence. But two issues did arise, and one was whether an earlier Florida armed robbery conviction qualified as a crime of violence under the guidelines, and that was pertinent to the establishment of a base offense level. And the other issue was whether a subsequent armed robbery, for which he was sentenced after the original sentencing proceeding, qualified for three criminal history points. Just so I'm sure I understand this, before he was resentenced, Judge Henkel completely vacated the earlier sentence, is that not correct? That's correct, and he was Why is that not important, then, as we consider the issues presented in this case? Because we have precedents that say that when a district judge vacates an entire sentence, it's just like he starts all over again, brand new, and then why wouldn't it have been proper for him to consider this conviction? Well, he can consider it, but the question is whether it qualifies for criminal history points. Now, the fact that this sentence It's a prior sentence, it does, right? If it's a prior sentence, and the Prior being P-R-I-O-R, prior to the sentencing that we're here to discuss today, right? Yes, sir. If the earlier sentence was vacated, made a nullity, wiped away, void, gone, never occurred, then this is a prior sentence, isn't it? Well, let me give you my argument in a nutshell. For purposes of scoring criminal history points, the term prior sentence, as defined in the re-sentencing proceeding, now, when you read the definition of prior sentence It's just the ordinary meaning of prior sentence, isn't it? Well, there is some dispute as to that among the circuit courts. Now, if this court thinks the term sentence unambiguously includes a re-sentencing, then I lose. Mr. Burke is out of the lock. Okay, but That's what the Eighth Circuit held in Tidwell, is that not right? Right. There are a couple of points in that Tidwell case that, to me, are unsettling or unsatisfactory. And the first is, the Tidwell case states that because sentencing is de novo, then this I don't think that's correct because the de novo sentencing will tell us a couple of things. It may tell us which guidelines apply. It may tell us the scope of the re-sentencing. But it doesn't tell us anything about the interpretation of the term prior sentence. The other aspect of Tidwell that I disagree with is the reliance on the Pepper case. The Pepper case from the Supreme Court said a court can consider a defendant's subsequent conduct such as rehabilitation for determining a downward variance. So And a re-sentencing. And a re-sentencing. And I would say, I would agree that the district court could consider this subsequent sentence for purpose of an upward variance. And I have no doubt that the court can consider Why should the court be allowed to consider that? We know the Supreme Court says it can. But beyond that, what's the policy reason for that? What's the purpose of allowing that? The purpose of is that the judge has a wide degree of discretion. That's not the purpose. That's the enabling factor. But what's the purpose of allowing the judge to consider that? It's so the judge can base the sentence on all the accurate information that's available at the time he re-sentences, isn't it? Right. So carrying that principle to this case, he ought to be allowed to consider all the convictions that are on the record at the time he re-sentences. And I agree that he should be able to consider the convictions and the sentences. What I have a problem is whether that figures into the calculation of the criminal history points. But that's the way the guideline considers them. The guideline channels his consideration into criminal history points. Now, he may vary upward or vary downward for some peculiarity involving the convictions. But the guideline says this is how you channel the consideration of those. But it's not clear to me that the guideline instructs the judge to impose criminal history. Your argument is that the only way it's properly considered is part of the 30 feet, 553A factor, right? Yes, sir. And that it is not properly considered as part of criminal history. That's your argument. My only argument is the points. That is correct. It's just a sequencing argument for you, right? Right. But I get it from the guidelines. I mean, we know what the commission directs us to do. I mean, obviously, if a prior sentence is imposed at the original sentencing proceeding, you get criminal history points. If a sentence is imposed after the commencement of the instant offense, but prior to sentencing on the instant offense, you also get criminal history points. And this sentence was imposed prior to the sentencing because the earlier, what you refer to as the original sentence, no longer exists. It was wiped away. It's a nullity. It's void. Isn't that what it means to vacate it? Well, that's what it means to vacate it. That's the effect. That's the legal effect. It's as if it never existed, right? You start anew. You start fresh. If you start anew, then it's a prior sentence, isn't it? But there are other aspects of this guideline that cast doubt on what the commission actually intended because they anticipated future sentences in a subsequent provision, paragraph A-4, where they said if the defendant is convicted of another offense prior to the original sentencing, but not yet sentenced, score basically one point if it's an unrelated offense. So to me, that's telling us that the commission considered future sentences, and where you  a sentence that has not yet occurred. Right. Right. But we don't have that problem here because the prior sentence has occurred. Yeah, but what- That's all the commission was dealing with. What it was telling me that they're considering, if I may borrow a term from the civil law, liquidated damages. If we don't know what the sentence is actually going to be for any sentence imposed after the initial sentence, we'll give one point, which is sort of my fallback position. So they actually did contemplate future sentences, which might be imposed after the original sentencing. So that cast doubt in my mind as to what they actually intended, and whether they intended to score criminal history points or a sentence imposed. Let me ask you a question that flips the procedural facts to see if I can get at the overriding principle of whether we're supposed to use the most current accurate information at resentencing or we're frozen on an earlier sentencing on that. What if the dollar general convictions had occurred before the first sentencing, and they were counted in criminal history points? And then while the appeal, the federal appeal, I'm sorry, not appeal, but the gap between the federal sentencing and the first federal sentence being set aside, during that interval, the dollar general convictions had been vacated in state court for reasons unrelated to the federal issues. So you get at the second sentencing, the resentencing, and the dollar general convictions that were counted at the first one no longer are convictions. Now would it be your position that they're still counted on criminal history points because they were the first time? You wouldn't argue that. I wouldn't be arguing that, Chief Judge Carnes. Yeah, and you would, everybody would recognize we don't count them at the resentencing for criminal history points, right? Most current accurate information we have. So how is it that when the current accurate information cuts the other way and establishes that there are convictions instead of that there are no longer convictions, we don't count that? That's a tough one. Chief Judge, it's a tough one, but my only response is that it's not clear in the guidelines that the commission intended. It's a matter of seeing whether the commission's intent is clear in these guidelines. And to me, it's not clear and Mr. Burke should get some benefit for that. So I'll come back for rebuttal. Thank you. Okay. You've got your three minutes rebuttal. Mr. Simpson, fifteen minutes if you need it. Thank you, Your Honors. Defendant's best argument comes down to the district court in resentencing can consider the new convictions, but only in an ad hoc fashion, not within the structure of the guidelines. Frankly, that doesn't make any sense and that's not what the guidelines say. We are at a full resentencing. This court has at various times said when a criminal sentence is vacated, the sentence and any consequences that flow from that sentence . . . I want to speak into the mic. Sorry, Your Honor. Once a criminal sentence is vacated, the sentence and any consequences that flow from that sentence are totally wiped away. The sentence becomes void in its entirety and the district court is free to revisit any rulings made at the initial sentencing. The sentencing process commences de novo. We start with the plain and ordinary meaning of the language in the guidelines. 4A1.1, there are points for each prior sentence exceeding one year and one month. 4A1.2, prior sentence means any prior sentence previously opposed upon adjudication of guilt. 4A1.2 sub e does not, as defendant would suggest, limit sentences to sentences imposed with consideration to sentences imposed within 15 years before but to within 15 years of either before or after. Application note one, a prior sentence means a sentence imposed prior to sentencing on the instant offense. A sentence imposed after the defendant's commencement of the instant offense but prior to sentencing on the instant offense is a prior sentence. The background, prior sentences not otherwise excluded are to be counted. If you follow the plain language and you're in a new sentencing, you count everything that happened before then. All of the authorities, including the statutes at 183553A and 3661, the guidelines at 1B1.4, the Supreme Court in Wasserman, which this court was kind enough to point out to us, all allow the district court to consider any relevant evidence of sentencing. Here in the interim, the defendant was convicted of 24 serious violent crimes, three convictions for attempted armed robbery with a firearm, nine convictions for armed robbery with a firearm. These are relevant evidence for sentencing on a firearm offense. The district court could not carry out its obligation under 3553A to consider the history and characteristics of . . . He doesn't dispute that. He doesn't dispute that it would come in under 3553A. The only question he raises is whether it's properly counted as a minor criminal history. That argument is to say, I have difficulty understanding how you can make that argument because what you're saying is it is better to have an unstructured . . . I have a great deal of respect for Judge Hinkle, but a randomized consideration when there is a structure that you can fit it into and come out with a result which gives you your starting point. And it is just a starting point. Now in the Cicciarelli decision, they were dealing with a restrictive mandate rule, not a full resentencing. They were dealing with what were then mandatory guidelines, not the case here. And they had an aspect of double counting because both the convictions involved there were federal drug convictions. So I think in Maine, the Florida conviction counted as a prior conviction. In Florida, the Maine conviction counted as a prior conviction. That didn't happen here. Well, in Tidwell, the Eighth Circuit, I thought, did a pretty good job distinguishing that First Circuit case as to why it really doesn't apply here. I think it did, and I think frankly that the Cicciarelli case has a restrictive attitude towards the evidence to be considered at sentencing, which is not supported by the statutes or the Supreme Court or the guidelines. And if the district court had seen that there was any overreaching or abuse in the way that the calculations figured out, the district court could have mitigated that by veering downward. In fact, the district court sentenced at the top of the guidelines range, taking a good look at Mr. Burke and his criminal history. What's the point of the criminal history score? The effect of the criminal history score was to raise the . . . What's the point of it, not the effect of it? Why do we have criminal history considered as part of the guidelines? Isn't it concerned about recidivism? Because the philosophy of the guidelines considers, I guess, two categories. One is the offense and the other is the offender. And recidivism, prior history, the best predictor of what people will do in the future is what people have done in the past. Here we've got a defendant who . . . Which would suggest that you would want the prior sentence counted. Absolutely. Here we have a defendant with a lengthy juvenile record. He'd served a prior seven-year sentence for the armed robbery with a firearm. Another conviction for what's charged as burglary, but if you read the facts, it was another. They were sticking up motel clerks. Another armed robbery with a firearm and apparently was arrested in the middle of a third armed robbery. I don't know how far that one had gotten. He does seven years. In the next 27 months, he picks up five misdemeanors. And then he's arrested for the takeover robbery of the Dollar General Store, at which 14 people are held hostage at gunpoint for 20 minutes. And when they go to arrest him for that robbery, they find him with another gun, which apparently was not connected to that robbery. And I didn't handle the case originally. I've had it since the collateral review. I don't know whether they're looking at the surveillance films or how they . . . or whether the defendant was trying to avoid that being a consideration that would have raised his guideline. But at any rate, it's no surprise that the takeover robbery conviction scoring his criminal has fear that he got sentenced at the top of the range. That follows the guidelines. That follows the statute. That follows Wassman. And that follows common sense. Wassman tells us consideration of a criminal conviction obtained between an original sentencing and a sentencing after retrial is manifestly legitimate. I don't think you can say it more clearly. This court, because Wassman came from the Eleventh Circuit, at 700 . . . Wassman's really a pre-guidelines case. It is. And he doesn't dispute that you can consider it for under 35, 50 . . . No, but . . . It's a really narrow issue. The only issue really is whether it counts for purposes of criminal history, and it does if it's considered a prior sentence, right? This is true. It's really a plain language argument, isn't it? It is a plain language argument, but to the extent that there's any interpretation within the language, Wassman speaks of a broad, common sense attitude, not the kind of . . . I won't even call it a technical or a hyper-technical argument that the defense makes, because that argument doesn't hold up against the language of the guidelines. But Wassman, in the Eleventh Circuit's opinion, said that moreover, a rigid limitation of increased sentences to those based on misconduct occurring after the first sentencing would needlessly erase relevant information from the sentencing slate while contributing nothing to the goal of avoiding vindictiveness. An intervening conviction adds a new dimension to the data before a sentencing judge who had disputed charges, who had disregarded charges merely pending at the time of an earlier sentencing. When it's here, the effect of an intervening conviction is to convert what had been considered a legal nullity, a mere accusation, into a fact fully relevant to sentencing, a new conviction. A sentencing enhancement based on that additional conviction does not impede the goals outlined in Pierce. And I say that when the guidelines were written, that was the state of the law. That was the mindset of the judges and the legal scholars who created the sentencing guidelines. And to say that somehow we've, frankly, the guidelines could not imagine every hypothetical situation that would occur. They tried. And they're a good product to the extent they address it. The way they address it is with the encompassing terms, each prior, any prior. And the 11th Circuit says we start from go at a de novo resentence, and we started from go, and it was prior. So it was properly counted. Are there other questions? Thank you, Mr. Simpson. Mr. Sumner, three minutes.  I can wrap up fairly quickly by saying of the cases that have been brought forward, the cases cited, two cases expressed the view that the guidelines do not unambiguously encompass this situation. The Ticciarelli case said prior sentence in the guidelines means prior to the original sentencing proceeding. And the Klump case, which actually came out the other way and supports the government's position, nonetheless said the guidelines do not provide guidance for this question. Now, taking into consideration Judge Pryor, your comment that the purpose of imposing criminal history points would logically suggest that they should be counted because we know the sentence now exists. But to my way of thinking, the answer to the question is not whether it's logical to count them, but whether the commission told us to count them. And that's not clear to me. And for that reason, I think the criminal history points should not be included. And so for that reason, my request would be that you remand the case for resentencing without the criminal history points. Thank you very much. Thank you. Appreciate it, Mr. Zuma. Next case up is